Edward P. Perdue (P55888)
DICKINSON WRIGHT PLLC
200 Ottawa Avenue, N.W., Suite 1000
Grand Rapids, Michigan 49503
Tel: 616-458-1300
Fax: 616-458-6753

Aaron M. Panner
Wan J. Kim
Caitlin S. Hall
KELLOGG, HUBER, HANSEN,
  TODD, EVANS & FIGEL, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: 202-326-7900
Fax: 202-326-7999

*Attorneys for Starbucks Corporation*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| PAMELLA MONTGOMERY, on behalf of Herself and for the Benefit of All with the Common or General Interest, Any Persons Injured, and All Others Similarly Situated,<br><br>                       Plaintiffs,<br><br>v.<br><br>KRAFT FOODS GLOBAL, INC.,<br>a Delaware Corporation; and<br>STARBUCKS CORPORATION,<br>a Washington Corporation,<br><br>                       Defendants. | Case No. 1:12-cv-00149<br><br>DECLARATION OF CAITLIN S. HALL IN SUPPORT OF STARBUCKS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION |

I, Caitlin S. Hall, hereby declare as follows:

1. I have personal knowledge of the facts set forth below and, if called upon as a witness, I could and would testify competently to them.

2. I am an attorney with the law firm of Kellogg, Huber, Hansen, Todd, Evans & Figel, P.L.L.C. I represent Defendant Starbucks Corporation ("Starbucks") in the above-captioned case. I respectfully submit this Declaration in Support of Starbucks Corporation's Opposition to Plaintiff's Motion for Class Certification.

3. Over the course of many months, Plaintiff's counsel, Timothy McCarthy, has repeatedly represented to Defendants that he would produce his fee agreement with Plaintiff Pamella Montgomery, most recently on December 8, 2013. Because of those representations, Defendants have not moved to compel production of the agreement. Mr. McCarthy has, however, repeatedly delayed production of the agreement and has still failed to produce it.

4. On June 27, 2013, Kraft served Plaintiff with interrogatories and requests for production, including Request for Production No. 3, which sought "[a]ll Documents and Communications relating or referring to Plaintiff's fee arrangement with counsel for the National Class or the Michigan Class." On July 31, 2013, Thalia Myrianthopoulos, counsel for Kraft, wrote to Mr. McCarthy to inquire about the status of Plaintiff's responses, which had been due on July 28. Mr. McCarthy responded that he had "intended to email . . . to request an extension" and that he "anticipate[d] responses by the end of the week." A true and correct copy of this correspondence is attached as Exhibit 1.

5. The following week, Ms. Myrianthopoulos again inquired about the status of Plaintiff's discovery responses: "I would appreciate an update on the status of your client's discovery responses. They were due a week ago." On August 7, Mr. McCarthy agreed "to make

every effort to produce [his] client's discovery responses by Friday, August 9, and that should [he] fail to meet that deadline, . . . to produce discovery responses no later than close of business on Monday, August 12." A true and correct copy of this correspondence is attached as Exhibit 2.

6. Mr. McCarthy did not serve discovery responses on August 12. On August 13, Mr. McCarthy produced a set of documents in response to Kraft's requests for production. These documents did not include Plaintiff's fee agreement. On August 20, Mr. McCarthy served answers to Kraft's interrogatories.

7. On August 22, 2013, Kraft and Plaintiff engaged in a telephonic meet-and-confer regarding deficiencies in Plaintiff's discovery responses, including Mr. McCarthy's failure to produce Plaintiff's fee agreement. During the meet-and-confer, Mr. McCarthy indicated that he "intended to produce plaintiff's fee agreement with class counsel and that [he might] have inadvertently excluded" it from Plaintiff's discovery responses. He "confirmed that [he] would amend [his] response to include the production of plaintiff's fee agreement." He further indicated that he was "going back to [his] office to begin work on revising [his] discovery responses immediately." A true and correct copy of correspondence memorializing this conversation is attached as Exhibit 3.

8. On October 3, 2013, Ms. Myrianthopoulos wrote to inquire about the status of Plaintiff's amended discovery responses. Mr. McCarthy responded regarding an unrelated issue, and said he would "let [Mr. Macuga] respond further to any add'l issues." A true and correct copy of this correspondence is attached as Exhibit 4.

9. On October 8, 2013, Ms. Myrianthopoulos again inquired about the amended discovery responses. Mr. McCarthy responded by promising to serve them "this week." A true and correct copy of this correspondence is attached as Exhibit 5.

10. Defendants did not receive amended discovery responses that week, but, on October 14, 2013, Mr. McCarthy responded to another inquiry by representing that they "should have gone out" and that he would "verify that they did and have an electronic copy sent." A true and correct copy of this correspondence is attached as Exhibit 6.

11. On October 16, 2013, Ms. Myrianthopoulos noted that Defendants still had not received a copy of Plaintiff's amended discovery responses, despite Mr. McCarthy's representation that they had been mailed the preceding week. Ms. Myrianthopoulos renewed Defendants' request for an electronic copy of the discovery responses. Mr. McCarthy did not respond to this email. *See* Exhibit 6.

12. On October 21, Ms. Myrianthopoulos spoke to Mr. Macuga, who assured her that the discovery requests would be provided as soon as he was able to contact Mr. McCarthy. The next day, he responded by email that he had "sent emails and left messages for [Mr. McCarthy] and ha[d] as yet received no response." A true and correct copy of correspondence reflecting these communications is attached as Exhibit 7.

13. On October 23, 2013, in response to a notice for Plaintiff's deposition, Mr. McCarthy assured Defendants: "I will respond more thoroughly this afternoon when I return to my office. You needn't worry about the open issues being left unaddressed – I understand you are waiting for amended discovery responses and am working to get them to you as soon as possible." Mr. McCarthy did not explain how this could be reconciled with his prior representations that the discovery responses had already been mailed to Defendants, nor did he respond more thoroughly that afternoon. A true and correct copy of this correspondence is attached as Exhibit 8.

14. On October 24, 2013, Ms. Myrianthopoulos advised Mr. McCarthy that his "repeated misrepresentations regarding the status of plaintiff's amended discovery responses" made it "impossible" to believe he was " 'working to get them to [her] as soon as possible,' " and that Kraft would move to compel if Mr. McCarthy did not follow through with his promise to serve amended responses within 72 hours. Mr. McCarthy did not respond to this email. *See* Exhibit 8.

15. On October 28, 2013, Ms. Myrianthopoulos advised Mr. McCarthy that Kraft would file a motion to compel, and asked for his position regarding concurrence. Mr. McCarthy did not respond to this email. *See* Exhibit 8.

16. On October 29, Defendants received Plaintiff's amended discovery responses by mail. The amended discovery responses again did not include Mr. McCarthy's fee agreement with Plaintiff.

17. On the record at Plaintiff's deposition on November 20, Mr. McCarthy expressed surprise that Plaintiff's fee agreement still had not been produced, and promised to provide a copy promptly. A copy of the portion of Plaintiff's deposition transcript containing this representation is attached as Exhibit 9.

18. The following day, Ms. Myrianthopoulos reminded Mr. McCarthy of his promise to provide a copy of the fee agreement. He responded that "[d]iscovery has closed" and that "[i]f you took issue with something that was not disclosed, that issue should have been brought while discovery was open." When I reminded Mr. McCarthy that he had represented he would provide a copy of the fee agreement on multiple occasions, he again agreed to provide Defendants a copy. However, because of "server damage," he indicated he might not be able to provide the

5


fee agreement until the following week. A true and correct copy of this correspondence is attached as Exhibit 10.

19. In response to Mr. McCarthy's email, I wrote to Mr. Macuga, cc'ing Mr. McCarthy, to ask whether he would provide a copy of the fee agreement given Mr. McCarthy's agreement to produce the document and his representation that circumstances beyond his control would prevent him from producing it until the following week. When Mr. Macuga responded that he would search for and send the fee agreement within a day if he was able to locate it, Mr. McCarthy replied to tell him not to do so. *See* Exhibit 10.

20. Neither Defendant heard anything more regarding the production of the fee agreement that week or the following week. On December 2, 2013, Ms. Myrianthopoulos wrote to inquire about the status of the promised production. Mr. McCarthy did not respond. A true and correct copy of this correspondence is attached as Exhibit 11.

21. On December 3, 2013, I wrote again to inquire about the status of the fee agreement. Mr. McCarthy did not respond. A true and correct copy of this correspondence is attached as Exhibit 12.

22. On December 6, 2013, Ms. Myrianthopoulos renewed her request for the agreement. Mr. McCarthy responded to say he would produce the agreement the following day. He did not do so. *See* Exhibit 12.

23. On December 8, 2013, I wrote to Mr. McCarthy to lay out the history of the parties' correspondence on this issue. Mr. McCarthy responded that he would "accept a wrist slap for taking longer than promised," but that work and family commitments had prevented him from producing the agreement the previous day. He further wrote: "Neither Defendant thought to request the document during discovery . . . . In your shoes I would appreciate the gratuitous

promise and show reasonableness; your response yet again is to fire off officious emails as if I'm to blame." He further promised to "email . . . the agreement as soon as [he could]." I responded that the agreement had been sought in timely discovery requests, and that Mr. McCarthy had repeatedly promised to provide the fee agreement pursuant to those requests. Mr. McCarthy did not respond to this email, and has not provided a copy of the fee agreement. *See* Exhibit 12.

Dated: December 20, 2013

Washington, D.C.

*[signature]*

Caitlin S. Hall

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 20, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Caitlin S. Hall

*Attorney for Starbucks Corporation*