UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

PAMELA MONTGOMERY, on behalf of
Herself and for the Benefit of All with the
Common or General Interest, Any Persons
Injured, and All Others Similarly Situated,

        Plaintiffs,

v.       Case No. 1:12-CV-00149

KRAFT FOODS GLOBAL, INC.,       HON. GORDON J. QUIST
a Delaware Corporation; and
STARBUCKS CORPORATION,
a Washington Corporation,

        Defendants.

_____/

## **OPINION**

Plaintiff, Pamela Montgomery, filed the present action against Defendants, Kraft Foods Global Inc. (Kraft) and Starbucks Corporation (Starbucks), asserting claims under the Michigan Consumer Protection Act (MCPA), M.C.L. § 445.903. Plaintiff moves to certify a class of Michigan residents that purchased Tassimo brewers in Michigan between November 1, 2010 and February 20, 2012. For the reasons that follow, the Court will deny the motion.

### **Background**

Tassimo is a coffee maker that uses pre-packaged beverage discs, known as T-Discs, to brew single cups of coffee, tea, and other hot beverages. (Dkt. # 19, Ex. A ¶ 5.) Tassimo is a "closed brewing system," meaning that it can only brew beverages using T-Discs. (*Id.* ¶ 6.) Kraft is the exclusive manufacturer and distributor of T-Discs. (*Id.* ¶¶ 6-7.)

Kraft and Starbucks previously entered into agreements that gave Kraft the exclusive right to license, market, sell, and distribute T-Discs bearing the Starbucks trademark in certain sales

outlets. (*Id.* ¶¶ 9-10.)  In November 2010, Starbucks publicly announced plans to terminate its relationship with Kraft. (*Id.* ¶ 21.)  In February 2011, the Second Circuit denied Kraft's request to enjoin Starbucks from terminating the partnership, and made clear that Starbucks could stop sending supplies to Kraft on March 1, 2011. (Dkt. # 118, Ex. B ¶ 8.) Shortly thereafter, Tassimo announced on its website and social media sites that it would no longer offer Starbucks T-Discs. (*Id.* ¶ 10.) The Tassimo packaging continued to include the Starbucks logo for some period after March 1, 2011, although it is unclear from the record how long such packaging was in retail outlets.

On March 1, 2011, Kraft completed market research indicating that consumers purchased Tassimo brewers for a variety of reasons, and that most consumers did not associate the Tassimo with Starbucks. (*Id.* ¶¶ 24, 25.) Most consumers identified factors other than the availability of certain coffee brands—such as the ability to make specialty coffee drinks and ease of use—as the primary reason for purchasing a Tassimo. (*Id.*)  Kraft's sales data indicates that most consumers purchased T-Discs from brands other than Starbucks in 2010. (Dkt. # 122, Ex. G ¶ 5.)

## Legal Standard

District courts have broad discretion in deciding whether to certify a class. *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838, 850 (6th Cir. 2013). A party seeking class certification must demonstrate that the following requirements of Rule 23(a) are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class;
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). The proposed class must also satisfy at least one of the requirements of Rule

23(b).  Plaintiff relies on 23(b)(3), which requires the Court to find "that the questions of law or fact common to class members predominate over any questions affecting only individual members," and that the class action is "superior to other available methods" to adjudicate the controversy fairly and efficiently.  Fed. R. Civ. P. 23(b).

"Rule 23 does not set forth a mere pleading standard." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011).  Indeed, "[a] party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Id.* (emphasis in original).  A court must engage in a "rigorous analysis" to determine that a party seeking certification has met the prerequisites of Rule 23(a).  *Id.*  "Frequently that 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim."  *Id.*

A party seeking class certification must also provide "evidentiary proof" to satisfy Rule 23(b)'s requirements.  *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013).  "If anything, Rule 23(b)(3)'s predominance criterion is even more demanding the Rule 23(a)." *Id.*  When a party seeks certification under Rule 23(b)(3), courts have a duty to take a "close look" at whether common questions predominate over individual ones.  *Id.* (internal quotation marks omitted).

### Discussion

Plaintiff alleges that she purchased a Tassimo around November 2011, and that the packaging of the machine she purchased advertised that it could brew Starbucks.  She alleges that, by using such packaging, Defendants violated MCPA provisions that prohibit:

(1)  Causing a probability of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services, M.C.L. § 445.903(1)(a);

(2)  Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have, M.C.L. § 445.903(1)(c);

(3)  Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer, M.C.L. § 445.903(1)(s);

3

> (4)  Making a representation of fact material to the transaction such that a person reasonably believes the represented state of affairs to be other than it actually is, M.C.L. § 445.903(bb); and
>
> (5)  Failing to reveal facts that are material to the transaction in light of representations of fact made in a positive manner, M.C.L. § 445.903(cc).

(Dkt. # 68 at Page ID 649.)

Claims under the MCPA are construed with reference to the common law tort of fraud. *Zine v. Chrysler Corp.*, 236 Mich. App. 261, 283, 600 N.W.2d 384, 398 (1999). To establish a claim for fraud, a plaintiff must show that (1) the defendant made a material misrepresentation that was false; (2) the defendant made the misrepresentation knowingly with the intent that the plaintiff would act on it; (3) the plaintiff acted in reliance on it; and (4) the plaintiff suffered damages. *In re Onstar Contract Litig.*, 278 F.R.D. 352, 376 (E.D. Mich. 2011). For the reasons discussed below, the Court finds that the elements for an MCPA claim cannot be demonstrated by common proof. *See Whirlpool*, 722 F.3d at 858 (noting that Rule 23(b)'s predominance inquiry focuses on "common questions that can be proved through evidence common to the class").

### A.   Materiality

Plaintiff cannot demonstrate the materiality of any alleged misrepresentation using common evidence. A material fact for purposes of the MCPA is "one that is important to the transaction or affects the consumer's decision to enter into the transaction." *Zine*, 236 Mich. App. at 283, 600 NW at 398. In this case, Kraft's market research demonstrates that consumers made the decision to purchase a Tassimo for a variety of reasons, many of which had nothing to do with the ability to brew Starbucks. For many purchasers, the representation that the Tassimo could brew Starbucks was not important, nor did it affect their decisions to purchase the brewer.

At oral argument, Plaintiff's counsel criticized Kraft's market research evidence, and argued that Defendants had not submitted sufficient evidence to deny class certification. That argument

4

fails to recognize that Plaintiff has the burden of demonstrating that a class should be certified, and that such burden must be met by evidentiary proof. *Comcast*, 133 S. Ct. at1432. Although Plaintiff asserts that proposed class members were influenced by the Starbucks-related representations, that assertion alone is insufficient to meet her burden. *See Wal-Mart*, 131 S. Ct. at 2551 ("Rule 23 does not set forth a mere pleading standard."). The Court finds that Plaintiff has failed to produce any evidence demonstrating that the issue of materiality may be demonstrated by common evidence.

### B.     Damages

If proposed class members prevailed on the merits of their claims, they would be entitled to recover actual damages. M.C.L. § 445.911(3). Actual damages are "the difference between the actual value of the property when the contract was made and the value that it would have possessed if the representations had been true." *Gilkey v. Cent. Clearing Co.*, 202 F.R.D. 515, 527 (E.D. Mich. 2001) (internal quotations omitted). Providing a plaintiff with actual damages is intended to fulfill the plaintiff's expectations. *See Mayhall v. A.H. Pond Co., Inc.*, 129 Mich. App. 184, 185, 341 NW 2d 268, 271 (1983) (per curiam).

The Tassimo continues to fulfill its essential functions—it brews coffee, including premium coffee, and specialty beverages. It simply does not brew Starbucks coffee. For Plaintiff and other Starbucks loyalists, that fact may make the machine useless. For purchasers that never intended to brew Starbucks coffee, however, the machine has not diminished in value. Those consumers received exactly what they expected. Moreover, although Plaintiff argues that the loss of the ability to brew Starbucks coffee has some objective value, she has provided no evidence to support this contention. *See Comcast*, 133 S. Ct. at 1432 (a plaintiff must provide "evidentiary proof" to satisfy Rule 23(b)'s requirements).

Determining damages in this case would require inquiry into the expectations of each proposed class member to determine what amount would fulfill their individual expectations. Those

5

individualized damages calculations would necessarily overwhelm any questions that are common to the proposed class. *See id.* at 1433 (noting that a class may not be properly certified if individual damages calculations overwhelm questions common to the class).

### C. Injury

Commonality requires that class members suffered the same injury, and not just a violation of the same law. *Wal-Mart*, 131 S. Ct. at 2551. For purposes of the MCPA, an "injury may consist of the plaintiff's unfulfilled expectations." *Mayhall*, 129 Mich. App. at 183, 341 NW 2d at 270 (1983). "In other words, an injury under the MCPA is found when the victim does not receive what he expected to receive." *Gilkey*, 202 F.R.D. at 526.

In this case, Kraft's market research demonstrates that many members of the proposed class did not expect to brew Starbucks. In fact, purchasers that viewed Tassimo's website or social media may have been aware that Starbucks T-Discs would not be available. Those purchasers received exactly what they expected to receive, and were not injured. Other purchasers, including Plaintiff, may have suffered significant injury. Because injury is dependent on the motivations of each purchaser, its determination would require individualized inquiry.

This case is distinguishable from *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838 (6th Cir. 2013), in which the Sixth Circuit affirmed the certification of a class of consumers who purchased washing machines that had a defect that caused them to grow mold. *Id.* In that case, the court rejected Whirlpool's argument that the class was too broad because it included owners whose machines had not developed mold. *Id.* at 855. The court found that all class members were injured when they purchased a defective machine, even though some had not experienced the manifestation of the defect. *Id.* at 857. Thus, each member had a valid defective design claim. *Id.*

The members of the *Whirlpool* class expected that the machines they purchased were free from defects. In fact, each class member purchased a defective machine—even if that defect had not yet manifested—that was worth less than the purchaser originally believed on account of that defect. In contrast, the machines at issue in this case are not defective and can perform their essential functions. Although consumers who wanted to brew Starbucks may have unfulfilled expectations, Plaintiff has produced no evidence showing that even a majority of proposed class members would fall into that category. Furthermore, there is no evidence that Tassimo brewers are worth less now than at the time that members of the proposed class purchased them. Thus, even if Plaintiff could demonstrate that all members of the proposed class suffered a violation of the MCPA, she cannot show that they all suffered the same injury.

## Conclusion

The Court has taken a "close look" at whether common questions predominate over individual questions in this case. *See Comcast*, 133 S. Ct. at 1432. The Court finds that Plaintiff has failed to demonstrate that the materiality of the statements at issue could be shown by common evidence, or that damages could be determined on a class-wide basis. Moreover, the Court finds that Plaintiff has not demonstrated that members of the proposed class suffered the same injury. Thus, the Court concludes that Plaintiff has failed to satisfy the "demanding" criterion of Rule 23(b), and that the motion for class certification must be denied.

An order consistent with this Opinion will follow.

Dated: May 9, 2014                             /s/ Gordon J. Quist
                                             GORDON J. QUIST
                                          UNITED STATES DISTRICT JUDGE